Sorry for missing the last round. Michael Perry for the appellant. I want to start, if I may, with the defense main argument and the argument that was adopted by the district court, which is that, according to the defense, this is a contract case, it's not a copyright case, and therefore, there was no subject matter jurisdiction. Attached to both the complaint and the first amended complaint was a letter from two of the defendants. That would be MacKintosh and Bo Blill. And for the record, that's ER 41 and 42. And it's a letter to Mr. Lemorande that says, I'm going to shorten it up, but I think it's important. It has recently come to our client's attention that you have been using copies of a screenplay based on the musical. Our clients have seen the infringing work under the cover of your letter. So Sir Cameron MacKintosh stated 2 January 2005. And the letter basically goes on to say, we're going to sue you for copyright infringement. And I'm going to say, we're going to sue you for copyright infringement. And I'm going to say, we're going to sue you for copyright infringement. What you're really doing is asserting, suppose, a defense of what you assume to be a prospective claim for copyright infringement. Arguably, that doesn't even create federal subject matter jurisdiction, but let's assume it does. Our law is very clear that there can be a flat-out unquestioned suit for copyright infringement that nevertheless raises only a state law claim for breach of contract, if it turns on an issue of contract interpretation, let's say, rather than any interpretation of the copyright laws. So my question is, why isn't that exactly what this is? That is, whether he was or wasn't authorized to write the derivative work has zero to do with copyright laws and everything to do with what their deal was. Well, I think you're part right, but there is another issue that is out there because of their letter, which is the threat of copyright infringement. Well, I understand, but your response, if they filed a suit for copyright infringement, what you would be doing is saying, that's nuts. Because I was authorized to write the screenplay. You would say, no, you weren't. So the fight, no matter who brings what, whether this is an offensive suit or a defensive suit, the fight will be over what their deal was, won't it? In part, yes. Yes. In part, no. And I hope I explained it in my reply brief. Well, that's why I'm asking you right now, because it's, I hear it. The cases that I cite in the reply brief state that an express or implied charge of copyright infringement is generally sufficient to meet the actual case of controversy requirement under the declaratory judgment. Well, I'm not worried about a case of controversy. I think you guys have got a genuine fight. The question is, what's the fight about? The fight is about whether or not Rusty has infringed the copyright. Well, do you have, do you claim copyright in the screenplay? I'm sorry, what's that? Do you, and do you claim copyright in the screenplay that Rusty wrote? In the derivative work, yes. In the derivative work. Have you registered that? I do not believe it's been registered. That's not a prerequisite. We know from, I think, this week's Supreme Court decision to the suit. Well, I think Rusty But you are claiming copyright in that. Yes. So to the extent that the defendants threatened McIntosh in particular. Was it McIntosh? Yes. McIntosh in particular threatened your client with copyright infringement. You're saying I couldn't have because I have my own copyright in the screenplay, my own valid copyright. That's correct. But you couldn't say that it's a derivative work. I mean. Oh, yes, you could. The only way you have a right to a derivative work is if you have a right to it. Yes? Well, yes, but he does have, whether or not he's registered or not, there are intangible rights that Rusty has. Sure, but he's either, he's either infringed or not based upon whether he was authorized to write the screenplay. Right? Correct. Okay. But even, let's say if the court is correct that it is just a contract case and it did not belong in the district court. We've cited this in our brief and we dealt with this in the reply brief. When the district court made the decision that there was no subject matter jurisdiction, it should have stopped right there. I don't disagree with that at all. And the district court made other rulings. Its other rulings were, A, it shut down Rusty's entire case. It ruled. Shouldn't that have been, from your perspective, those state law claims should have been remanded to state court? Without a doubt. Or at least the district court, once it decided that there was no subject matter jurisdiction, it should just have abstained, dismissed the case. And then there would be no issue of where we are now, which is the actual state law claims have been dismissed with prejudice. Well, could, setting that aside for a minute, if the judge would have said, and you could gloom this a little bit from what he said, but if he said, I just, I declined to exercise my discretionary jurisdiction on declaratory judgment, I'm dismissing the declaratory judgment action, which he could do and sent you right back to state court at that point. Correct? That would have been. He would have been happy with that, right? Yes. And even if you were allowed to amend, it would have to be in state court, because if you amend now in federal court, you could not get any kind of diversity action if there's no subject matter jurisdiction over some of these people. Correct? That's correct if we kept the Hamilton defendants in. But generally, you are correct. Yeah. Because your other corporations tend to be California corporations, too, so there's no true diversity, so you couldn't get diversity jurisdiction. Correct. And so what happened is the district court said no subject matter jurisdiction. They shut us down by also dismissing each of the claims without leave to amend. So that has a res judicata, collateral stopper effect. Rusty cannot go to state court. And there's one other point. There was also an issue of personal jurisdiction. And if you look at the transcript, there was nothing said. We know that was slipped in by the person who prepared the order. Don't worry. We understand that. Okay. So here, basically, if I can't convince you, and it sounds like I can't, on the issue of subject matter jurisdiction, I'm not going to beat a dead horse, but at least don't allow Rusty to have his claims gone because the district court didn't do what it should have done. Well, if there's no subject matter jurisdiction, the district court had no power to do anything else. Right. Period. I think at this point I'm going to defer my time and reserve whatever time I have left. Okay. Thank you. So who's on first? What's on second next? I'm supposed to respond third base, but anyway. Have you decided? Pardon me? I'm sorry. State your name. Yes. Vincent Chifo on behalf of the McIntosh Defendants, Sir Cameron McIntosh, McIntosh Limited. So are you the one who slipped in the personal jurisdiction? No, Your Honor. Let me just explain what happened. With our motion, as we're required to do, we submitted a proposed order. The court at the hearing then said submit an order, and before we ever submitted anything, the court signed the proposed order that had already been submitted as required with our motion. So nothing was slipped in. What I believe happened was the court did not discuss the personal jurisdiction motion, but candidly, Your Honor, the court thereafter signed an order to dismiss the personal jurisdiction. I leave it to Your Honors to decide what happened. I just want to make it clear no one was slipping something in. The court had it and then signed it. The rule I'm familiar with in my jurisdiction is when a motion is submitted, oftentimes it says submit a proposed form of order in a broader sense, and then you can work with it from there, and you're saying that that's the one that the broader one that was submitted that was one that was signed but it was not supplemented later on by a new order prepared by you? Correct. Judge Reel had already signed the order. I'm not sure exactly what I was supposed to do. I read the order as the court deciding to dismiss also on the personal jurisdiction grounds. I don't think any default was on your watch, but just to be absolutely sure, there is no sort of developed record on the personal jurisdiction? There was no argument. There was no discussion of it. The record that exists are the submissions that were made with the motions and the opposition. I think that's absolutely correct. So he ordered that he sign this on December 2nd. And when was your hearing? If I may, just for a moment, Your Honor. December 1. December 1, I think. The hearing was, I'm just looking at the, no, December 1. He signed it the day after. Was there any discussion at the district court level, I didn't see it in the transcript, where the defense would say, judge, just don't exercise your discretion in this case to keep it? On your point you made earlier on the declaratory judgment, no, Your Honor. I don't believe, my recollection is neither the briefing nor the argument was the discretionary issue on a declaratory relief. I think our primary focus was on the lack of subject matter jurisdiction because, and I think as discussed earlier today, this is a question of an agreement. You can't get around the issue here that this is a derivative work, and plaintiff alleged that he had an agreement to make it. And he further alleges that that agreement included he could do various things with the work, and I think all of those are elements. If we assume the allegation that there was a, quote, authorization, then the owner of the underlying copyright who authorizes the creation of derivative work can also, as a matter of contract law, impose restrictions on what can or cannot be done with that work, all of which is just a contract. Are you disputing the existence of an agreement? Our view at this point is that this is a motion to dismiss. The complaint alleges the existence of an agreement. I think it is most likely that there was an agreement that allowed the writing of the screenplay. But not dissemination. But, yeah, thereafter, I mean, it clearly is alleged in the complaint that this derivative work was then going to be submitted for some type of review and approval. And those things happened. So I look at the record and I say, okay, the screenplay was submitted. The letter written back by Sir Cameron McIntosh doesn't say, you know, how come you wrote this? Obviously, there seems to have been an understanding that the screenplay was coming. So I think the record supports the allegation that there was some agreement that allowed the creation of the screenplay by the owner of the underlying original work. There seems to be many other aspects of what would then happen if it was not approved. And I think that's the contract issue. Now, has McIntosh pursued, whether here or in the U.K., a copyright infringement action against Rusty? Mr. Lemerand? Mr. Lemerand. No, Your Honor. And if I may respond to that, because one of the arguments made by plaintiffs in the replies is sort of the mirror image. What if this was a suit brought by my clients? Well, under the patent invalidity cases, the deck relief cases that are cited, all of those are declaratory relief that somebody else's patent is invalid, and therefore my patent doesn't infringe. That's not the situation we have here. My clients, if they chose to bring litigation, could sue on the contract. You're breaching your contract because you're doing something with this derivative work. Do you have any threatened copyright? That's why I asked. I mean, the letter says what it says. It says you are not authorized to do these things, and if you do them, it would be infringement, which is not to exclude the fact there would also be a breach of contract. No, I completely understand. I was asking you a factual question. Yes. And I think the comment earlier was there clearly is a dispute. None of us are arguing that there's not a dispute here. But that doesn't, you know, I think we all know the declaratory relief statute does not create jurisdiction. It's a remedy. Are you sharing your time with the other two lawyers? I am. Shall I do so now? I understand your comments regarding the personal jurisdiction. I will not then. I mean, I think the record is very clear, but I understand the concern. My view is that a court can decide jurisdictional issues, that a finding that it does not have subject matter jurisdiction does not preclude it also finding in the same enforceable order that it doesn't have personal jurisdiction. Well, if there was a basis for it. It would have been argued or discussed or ruled upon. I mean, that would be fine. I understand that point. I think the analysis is different with respect to a ruling on merits of claim. It's okay. And I guess I want to, I will tell you, I don't, I no longer believe it was slipped in. It appeared that way because of the lack of records supporting that particular finding. But I see that in the way the day issuing the order the day after that you're probably telling us the accurate. Yes. And I appreciate your comments, Your Honor. Thank you. I don't want to belabor your time, but it's, looking forward, this could be an issue in this case, and that is, assume for the moment we ever get to a personal jurisdiction issue. If you can't get personal jurisdiction over all three of the people who have the copyright, can there ever be a true relief granted to the plaintiff on that issue? If you have three people that say, we all own the copyright, we all three have to make a decision, and you can't get jurisdiction over two of us, how can there be a complete relief on the deck action? Well, clearly my clients are subject to jurisdiction in the U.K. You may also be subject to jurisdiction right here. I mean, all of those musicals and plays and all of those things that your client owns, the rights to have all been shown right here in Los Angeles. But, Your Honor, that's... We don't know that, though. We don't know that because that record never was developed. Well, I would disagree. Well, yes, to the second question, I would say to the first question, whether Sir Cameron Macintosh as an individual is subject to jurisdiction here, because companies, a couple of companies removed, are exploiting musical presentations that are licensed. I get us back on track because I think we're off it. I'm sorry. And I think we're about to... You're going to run out of time. ...get your colleagues out of saying anything. So, Mr. Mintz, are you up next? Yes, I am. Please. Good morning, Your Honors. Marshall Mintz, and I represent Atlanta Publial Music Limited. I would echo everything that... No, it isn't. It's a subset. And I just wanted to make clear, we are only named in the first cause of action for declaratory relief. We don't have any of the other issues brought up. And I would just basically say what is said in the First Amendment complaint is an allegation by Mr. Lemerand for declaratory relief to answer the question of, may I show this screenplay to others? What are his rights under the contract that he's alleged? It's a contract action. No ifs, ands, or buts about it. And with that, I'll submit my argument. All right. Okay. Thank you. Mr. Saad. I have a follow-up. Super quick. My name is Nabeel Abu-Saad. I represent Dependents Arclight and Hamilton. We are in a different position than the first Dependent McIntosh. There's no allegation in the complaint that we asserted any copyright, threatened any copyright infringement, nothing like that. So the declaratory relief action against us must be dismissed with prejudice. If it is dismissed with prejudice, none of the other claims could have been brought. There is no pending jurisdiction because they never raised that argument. And we brought a motion to dismiss that argument here because it was only raised in the reply brief and pursuant to the Ninth Circuit cases, you can't do that. If that's what you're asking. If this were to go back to the district court, would you then begin to raise all the issues of judge, don't exercise your discretion in this case, dismiss the deck action? If it was remanded back to the district court, yes. Because it wasn't ever raised the first time. And the question is if this is not truly a copyright, it's a contract action, would you say to the judge, this is not a proper declaratory judgment action, exercise your discretion not to accept it and dismiss the declaration action and then send everybody back to state court? Is that something you'd raise? I don't deal in hypotheticals. You don't want to just. Yeah, I haven't thought that through, Your Honor. Because we really don't belong in this case at all. I mean, this is really a case that illustrates no good deed goes unpunished. All we did was introduce Mr. Lameround to Sir McIntosh. That was it. And according to his own allegations, we did everything right. We paid him the money. We put him together. We're done. So we don't really belong in this case. Thank you. Okay, Mr. Currie. I think there's not a defendant in the world that won't say that we don't belong in this case. Just a couple of points as to what counsel just indicated. He said the issue of supplemental jurisdiction was never raised. It was actually alleged in both the complaint and the first amended complaint. And that, if I could just point to the record, that would be ER 22. Mr. Cifo, I don't want to beat a dead horse on the copyright issue, but you seem to indicate that the letter said, well, you're not authorized, and if you, then we're going to sue you for copyright infringement. But that's not what the letter says. The letter says we are suing you for copyright infringement. And you have to do X, Y, and Z. And if you do, then we won't sue you for copyright infringement. Let me ask you a question about what happens next. If we were to agree that there's no subject matter jurisdiction, why isn't that the end of this case in Federal court and vacate out everything else? I mean, is there anything left of it in Federal court? In Federal court, no. Okay. So. No, I mean. Yeah, no, I know. We're just, everybody's talking about all this what ifs and supplemental discretion and this and that and the other thing. But if there's no subject matter jurisdiction, there isn't any. Rusty will then file in state court. Yeah, sure. Right. And you'll have all those contract claims and fraud and promises to outlaw. Yes. And I just want to, I think you all understand the arguments that we've made may be relatively unimportant at this time. But also the district court, they, the court dismissed Rusty's claims. They never gave him a shot to amend. I mean, I've been practicing law for a while. Maybe these, my learned counsel have been doing it for more than I have. But I've never seen a situation unless maybe there's a clear statute of limitations or something clear on the face. I've never seen a court say, okay, we're dismissing or we're sustaining Victor Murr, but we're not giving you another shot. Well, you haven't been before, J. Carrell, before. I'm sorry? You haven't been before the stage before, obviously. Perhaps not. If there's any other questions, I would just ask the court to consider the fact that although Rusty is a smart guy, went to law school, he thought he was a lawyer, but he's not a lawyer. He did not pass the bar. That could be maybe the worst of all possible worlds, having some knowledge but not enough. But please allow him to proceed with his claims because it shouldn't have been shut down like it was. I understand. Thank you very much. Thank you for your time. Thank you, counsel, all of you. The matter this morning will be submitted and the court will stand adjourned for this session. All rise. Thank you. Thank you.
judges: McNamee, Rymer, Wardlaw